IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


DONALD BRYANT
PARTNER, CP-547-036-220355r
D/B/A A. Clay LLC                                                                                          PLAINTIFF


VS.                                    CASE NO.  4:09CV00293 JMM


INTERNAL REVENUE SERVICE                                                                        DEFENDANT


**ORDER**

Pending before the Court are defendant's Motion to Dismiss (#18) and plaintiff's Writ and Amended Writ of Mandamus (#20 and #22).  For the reasons stated below, defendant's motion is granted and plaintiff's petitions for a Writ of Mandamus are dismissed without prejudice.

Plaintiff, a corporation, filed its *pro se* complaint on April 21, 2009, against the Internal Revenue Service ("IRS") seeking an order directing the IRS to comply with its requests for certain records.  The complaint did not state a basis for jurisdiction and venue.  Plaintiff attached an unsigned and undated copy of a Notice of Inconsistent Treatment or Administrative Adjustment Request (Form 8082) and a signed May 21, 2009 Request for Transcript of Tax Return (Form 4506-T) to its complaint.[1]

---

[1] By separate pleadings, plaintiff sought to proceed *in forma pauperis* and appointment of counsel.  The Court denied these motions on August 10, 2009.

1

Plaintiff subsequently filed a Writ and an Amended Writ of Mandamus basing jurisdiction upon 28 U.S.C. § 1361 and venue upon 28 U.S.C. § 1391(e). These writs sought an order directing defendant to produce copies of its W2-G for the year 2000, to produce and process copies of its Form 8082 for the years 2000 through 2007 and, should there be an overpayment of taxes, to make the requested adjustments. Attached to the Amended Writ was a copy of plaintiff's first Form 8082, and a copy of a second and different Form 8082 stamped as being received by the IRS on March 12, 2009.

Plaintiff alleged that he had, in addition to the May 21, 2009 Form 4506-T, filed a March 12, 2009 Form 4506-T. The IRS responded by requesting a Form 8082. As stated above, plaintiff had provided two such forms.

Defendant seeks dismissal of the complaint which it construes as a Writ of Mandamus based upon sovereign immunity, and contends that even if the IRS had waived its immunity, plaintiff has failed to allege circumstances warranting mandamus relief.[2] Defendant responded to the Writs of Mandamus by asserting that the Court lacks jurisdiction under § 1361 based upon defendant's sovereign immunity.

In considering a motion to dismiss, the Court must assume all factual allegations as true. *See Grand River Enterprises Six Nations, Ltd. v. Beebe*, 574 F.3d 929, 935 (8th Cir. 2009). To survive dismissal, the complaint must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

---

[2]Defendant also sought dismissal because plaintiff appeared *pro se*. *See United States v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993) (Corporations cannot appear in federal court without counsel). Because counsel filed a notice of appearance on behalf of plaintiff on August 3, 2009, the Court will deny dismissal on this basis.

L.Ed.2d 929 (2007).

> The United States retains sovereign immunity from lawsuits unless the government has consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Such a waiver of sovereign immunity must be unequivocal. *See McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir.1994) (citing *United States v. Nordic Village, Inc*., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)). It is well settled that the mandamus statute, 28 U.S.C. § 1361, does not provide a waiver of sovereign immunity. *See Washington Legal Found. v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C.Cir.1996); *Essex v. Vinal*, 499 F.2d 226, 231-32 (8th Cir.1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975).

*In re Russell*, 155 F.3d 1012 (8th Cir. 1998).  Plaintiff has failed to provide any authority for the proposition that the United States has waived its sovereign immunity.  The Motion to Dismiss is granted based upon lack of jurisdiction.

Moreover, even if the United States had waived its sovereign immunity, this Court does not have jurisdiction to issue a Writ of Mandamus where the moving party has available alternative remedies.  *See. Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986).  Here, plaintiff has such alternative remedies.

Plaintiff's first alternative remedy was his filing with the IRS the two Form 4506-T requests which are still on going resulting in this lawsuit being premature.

Plaintiff second alternative remedy would be to file a Freedom of Information Act request.  *See* 5 U.S.C. § 552(a)(3), (b)(3) (FOIA requires that government make its "records promptly available to any person" unless documents are "specifically exempted from disclosure by statute ....").  He has failed to do so.

Likewise, plaintiff has failed to file an administrative claim for any alleged possible refund prior to filing a lawsuit in federal court.  *See* 26 U.S.C. § 7422(a) (requiring taxpayer to file the administrative claim before seeking refund in court).  Failure to file an administrative claim for a refund prior to suit results in district court lacking subject matter jurisdiction on the issue.  *See Hansen v. United States*, 248 F.3d 761, n 4 (8th Cir. 2001).  Plaintiff's petitions for a Writ of Mandamus are denied without prejudice.

IT IS SO ORDERED THIS  16  day of  September , 2009.

_____
James M. Moody
United States District Judge